IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ROBERT DONALD TURNER,          )
                               )
          Petitioner,          )
                               )
     v.                        )    1:09CV879
                               )
ALVIN W. KELLER, JR.,          )
                               )
          Respondent.          )
```

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 24, 2004, in the Superior Court of Davidson County, Petitioner pled guilty to felony breaking and entering and to being a habitual felon in cases 03 CRS 8835 and -54850. (Docket Entry 5, Exs. 1, 2.) Pursuant to his plea bargain, he then received a mitigated sentence of 82 to 108 months of imprisonment. (Id.) Petitioner did not file a direct appeal. However, on January 17, 2006, he filed through counsel a motion for appropriate relief. (Id., Ex. 5.) When the trial court summarily denied that motion and his request for reconsideration, Petitioner filed a pro se motion for appropriate relief, which was denied as well. (Id., Exs. 6-10.) Petitioner then sought review from the North Carolina Court of Appeals, which denied his petition for certiorari on March 17, 2008. (Id., Ex. 12.) Petitioner sought review by the North Carolina Supreme Court, which dismissed his appeal on June 11, 2008. (Id., Ex. 15.) Finally, Petitioner filed his current Petition under § 2254. (Docket Entry 1.)

**Petitioner's Claims**

The Petition presents four claims for relief. (Id. ¶ 12.) First, Petitioner asserts he was not guilty of one of the prior convictions used to obtain his habitual felon indictment. Second, Petitioner denies having pled guilty to being a habitual felon. Relying on that second claim, Petitioner's third claim alleges that the trial court erred in sentencing him as a habitual felon. Finally, Petitioner contends he received ineffective assistance of counsel for a number of reasons. Respondent has moved to dismiss the Petition and Petitioner has responded. (Docket Entries 4, 10.) The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 14.)

**Discussion**

Respondent requests dismissal on the ground that the Petition was filed[1] outside of the one-year limitation period imposed by 28 U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his

---

[1] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same).

§ 2254 petition commenced.  In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A).  The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

In the present case, the trial court entered judgment against Petitioner on May 24, 2004.  Respondent argues that his conviction

-3-

became final on that day because he had no appeal as of right under North Carolina law. Under this scenario, Petitioner's time to file in this Court began to run immediately and expired a year later on May 24, 2005, without Petitioner having filed a habeas petition. Further, if Petitioner had a right to appeal, it would have expired only fourteen days later under North Carolina law. See N.C.R. App. P. 4(a). Petitioner did not file his instant Petition until October 9, 2009, at the earliest.[2] This additional fourteen days would not make the Petition timely.

Petitioner did file a motion for appropriate relief in the state courts in January of 2006, which tolled the operation of § 2244(d)'s limitation period while state post-conviction proceedings remained pending. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner failed to seek collateral relief in state court until after his time to file his federal habeas claim had already expired. Over nineteen months passed between the finality of his conviction and his first state court collateral filing. Such filings do not revive or restart the time to file in federal court. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Furthermore, Petitioner's proper attempts at state court relief concluded on March 17, 2008, when the North

---

[2] Petitioner dated his Petition as signed on October 9, 2009. (Docket Entry 1 at 16.) According to an affidavit accompanying Petitioner's response brief, he did not mail the Petition to the Court, but instead mailed it to a friend, John Herndon, Jr. (Docket Entry 10, Herndon Aff., ¶ 11(w).) Herndon states that he received the Petition on November 8, 2009 and mailed it to the Court the next day. The Court received the Petition on November 10, 2009. This series of events likely means that Petitioner does not get the benefit of Houston's "mailbox rule." However, whether the Petition is considered filed on October 9, 2009 or November 10, 2009, the outcome of the case remains the same.

Carolina Court of Appeals denied his petition for a writ of certiorari seeking review of the claims raised in his motions for appropriate relief.[3] Petitioner then allowed another nineteen months to elapse before filing in this Court. Under these circumstances, the Petition was not timely.

Petitioner seeks to avoid the force of the statute of limitation based on the affidavit of John William Herndon, Jr. (Docket Entry 10, Exs.) Herndon is neither an inmate nor an attorney, but rather a friend of Petitioner's who has helped him with his case for several years. Herndon sets out the progression of Petitioner's case over time and details the factors that led to the late filing of the Petition. These factors fall into four basic categories: (1) a lack of legal resources/library materials in the prison, (2) alleged poor representation by the attorney who handled Petitioner's first motion for appropriate relief in the trial court, (3) Herndon's work schedule, and (4) the logistics of passing papers and information back and forth between Petitioner and Herndon. Although Petitioner does not use the term, his argument appears to represent a request for equitable tolling.

---

[3]Petitioner's later efforts to secure review by the North Carolina Supreme Court do not constitute filings of the sort that toll § 2244(d)'s limitation period. See generally Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (holding that "pursuit of collateral review in the North Carolina Supreme Court was improperly filed, and did not toll [Petitioner's § 2254] filing period") (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000))); accord Mitchell v. McDade, 11 Fed. Appx. 351, 352 n.* (4th Cir. 2001); Wilkerson v. Beck, No. 1:07CV802, 2008 WL 2513758 (M.D.N.C. June 20, 2008) (unpublished) (recommendation of Sharp, M.J., adopted by Osteen, Jr., J.), appeal dismissed, 293 Fed. Appx. 208 (4th Cir. 2008), cert. denied, 129 S. Ct. 938 (2009); Williamson v. Jackson, No. 2:07CV9-1-MU, 2007 WL 2669709 (W.D.N.C. Sept. 6, 2007) (unpublished), appeal dismissed, 266 Fed. Appx. 304 (4th Cir. 2008).

The Supreme Court has determined that the one-year limitation period imposed by § 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, a mere mistake by counsel does not warrant equitable tolling. See Holland, 130 S.Ct. at 2564. Nor do prison conditions, such as transfers, lockdowns, or misplacement of legal papers, normally provide a basis for equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004); Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009).

Here, Petitioner's equitable tolling arguments fall into the areas just described, i.e., lack of legal representation,[4] faulty representation, lack of familiarity with the legal process, and problems with papers. The difficulties faced by Petitioner are not extraordinary, but instead affect the great majority of inmates. Nevertheless, other inmates manage to make their filings in a timely manner. Petitioner, by contrast, did not even come close to meeting the filing deadline. On two occasions, he allowed more

---

[4] By providing North Carolina Prisoner Legal Services to evaluate Petitioner's claims, the State has complied with its obligation to provide Petitioner with either a law library or legal assistance. See Wrenn v. Freeman, 894 F. Supp. 244, 249 (E.D.N.C. 1995).

than a year to pass without making any filings in state or federal court.  Accordingly, Petitioner has shown neither sufficiently extraordinary circumstances nor the required diligence to merit equitable tolling.

As a final matter, Petitioner asserts that his conviction and sentence for being a habitual felon constitute a "miscarriage of justice" because he did not actually enter a guilty plea to the habitual felon charge.  (Docket Entry 1, ¶ 18.)  Prisoners often present actual innocence claims in an effort to satisfy the "miscarriage of justice" exception to a procedural default.  See Schlup v. Delo, 513 U.S. 298, 315 (1995).  A significant question exists as to whether an "actual innocence" exception to § 2244(d) exists.  Compare Souter v. Jones, 395 F.3d 577, 597-601 (6th Cir. 2005) (recognizing actual innocence exception) with Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (ruling that actual innocence has no bearing on time-bar).  If it does exist, the threshold for meeting that exception is extremely high.  A petitioner generally must produce new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  Schlup, 513 U.S. at 327.  At a minimum, Petitioner would have to show "actual innocence, and not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).

Petitioner's claim that he did not enter a proper guilty plea to the habitual felon charge represents a claim of legal, not factual insufficiency.  Petitioner does attack the validity of one

of the predicate convictions underlying his habitual felon conviction. (Docket Entry 1, ¶ 12(a) (Ground One).) However, to qualify as a habitual felon in North Carolina, a defendant must have three prior felony convictions. N.C. Gen. Stat. § 14-7.1. State court records show that Petitioner had a total of four felony convictions. (Docket Entry 5, Ex. 3.) Therefore, even if one of the prior convictions was invalid, he still qualified as a habitual felon.

In sum, Petitioner cannot make out an actual innocence or miscarriage of justice argument. His Petition is untimely and should be dismissed.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Dismiss (Docket Entry 4) is **GRANTED**, that the Habeas Petition (Docket Entry 1) is **DENIED**, and that this action be, and the same hereby is, **DISMISSED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 5, 2010